ANGEL FERNÁNDEZ RAMÍREZ, Appellant, v. REGISTRAR OF PROPERTY OF GUAYAMA, Respondent.

No. 956. Submitted November 4, 1935.—Decided December 17, 1935.

*S. Domínguez Rovira* and *F. Beiró Rovira* for appellant. The registrar appeared by brief.

Mr. Justice Aldrey delivered the opinion of the court.

A deed of assignment and extension of a mortgage credit, including the provisions of the original mortgage deed relative to the payment of interest at the rate of 12 per cent per annum, was presented for record in the Registry of Property of Guayama. The registrar recorded the instrument as to the assignment of the contract and as to the extension of the term of the mortgage but refused to record the document as to the provision regarding the payment of interest at the rate of 12 per cent. Thereupon the present mortgage creditor, Angel Fernández Ramírez, took the present appeal from such refusal.

From the above-mentioned deed and from the excerpts therein quoted from other deeds, it appears that in January 1926, Nicolás Cintrón executed a mortgage for a term of two years on a property belonging to him to secure the payment of the sum of $1,500 lent to him by José Federico Ortiz with interest thereon at the rate of 12 per cent per annum, the deed containing no provision concerning the rate of interest to be charged after maturity. The term of this loan was extended by a deed of 1928 for a period of two years, with the same provisions contained in the deed of 1926. At the expiration of such extension in 1930, no new extension was stipulated in writing and the debtor continued to pay interest at the rate of 12 per cent under a verbal agreement. It was not until September 1, 1933, that another deed was executed whereby the creditor José Federico Ortiz assigned said mortgage to José María Escalera, and in that instrument Escalera extended the term of the mortgage for a period of two years, with the same provisions as those of the original mortgage deed. Subsequently, in 1935, Escalera

assigned the mortgage to the appellant, who in the same instrument further extended the mortgage to 1937, with the same stipulations contained in the deed of 1936, which, as we have said, fixed the interest to be paid at the rate of 12 per cent.

When the extensions were granted in September 1, 1933, and in 1935, Act No. 5 of 1933 (Sess. Laws (2), p. 26), which took effect immediately after its approval, was already in force, ever since August 17 of the same year, and it fixed at 9 per cent the maximum rate of interest to be allowed in loan contracts.

The question involved in this appeal was decided by this court in the case of *Caraballo* v. *Registrar,* 48 P.R.R. 902, where we declared that the parties to the original contract could have entered into the new agreement at any time before the law of 1933 became effective, but that after the law went into effect they could not make a valid agreement for the payment of interest at 12 per cent; that to hold that the law is applicable to such an agreement made some ten months after the law took effect is not to construe the law so as to give it a retroactive effect; and that the special agreement referred to in the law is an agreement in writing, not an oral agreement.

For the reasons stated in that opinion, which apply to the present case, the decision appealed from herein must be affirmed.

Mr. Justice Wolf dissented.